UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re Ex parte Application of TAIKI KINOSHITA,

Applicant

Case No. 25-mc-80345-JSC

**ORDER RE: APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

Re: Dkt. No. 1

Mr. Kinoshita, a YouTuber who operates a channel called Takigyousou, intends to sue an anonymous YouTube account user in Japan for defamation. (Dkt. No. 1-2 ¶¶ 12-13.)[1] Now pending before the Court is Taiki Kinoshita's application for a 28 U.S.C. § 1782 order authorizing service of a subpoena on YouTube LLC to identify the YouTube account user. (Dkt. No. 1; Dkt. No. 1-3 at 3-7 (subpoena).) YouTube LLC has not opposed the application. After carefully considering the application, the Court GRANTS the request.

**BACKGROUND**

Taiki Kinoshita ("Applicant") is a Japanese YouTuber who operates a YouTube channel called Takigyousou. (Dkt. No. 1-2 ¶ 4.) Applicant has previously been the target of internet hate and has engaged in activities to spread awareness about online harassment and its effects. (*Id.* ¶ 5.) In January 2022, Applicant appeared on the YouTube channel, Korekore Channel KoreTube, ("Koretube") to speak "about the circumstances and harm caused by previous online defamation."

---

[1] ¹ Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

(*Id.* ¶ 6.)   Because Applicant suffers from "chronic pharyngitis and throat dysesthesia," it is difficult for him to speak clearly, and as a result he often speaks with a stutter.  (*Id.* ¶ 7.)

Several months after Applicant spoke on Koretube, another YouTuber, Korekore Kirinuki Housoukyoku—Official ("the user"), uploaded a clip from Applicant's video on Koretube's channel, ridiculing Applicant's speech and character.  (*Id.* ¶¶ 8-11.)  The user titled the clip "#Korekore #Slow farce: Slow farce victim consultation, but the slow voice person's story is too 'commu-sho' to get the message across."  (*Id.* ¶ 9.)  The user's video also displayed text reading, "YouTube Live slow community class—The 'commu-sho' person holding a grudge for five years."  (*Id.* ¶ 10.)

"Commu-sho" is "slang used to mock individuals who struggle with communication and understanding others' feelings."  (*Id.* ¶ 11.)  Applicant suggests the user employed this term to chagrin and disrespect his disability and personal character in violation of Japanese tort law.  (*Id.* ¶¶ 11-12.)  Applicant therefore intends to sue the person who operates and controls the user's channel.  (*Id.* ¶ 13.)

Because Applicant does not know who controls the account, he seeks discovery of the information sufficient to reveal the user's identity.  (*Id.* ¶ 14.)  Specifically, Applicant seeks the Google account information used to create the channel.  (*Id.*)

## DISCUSSION

28 U.S.C. § 1782(a) allows a district court to order discovery for use in a foreign country when the discovery applicant meets several statutory requirements and satisfies certain discretionary factors.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

### I.    STATUTORY REQUIREMENTS

Under 28 U.S.C § 1782, a court may order discovery for use in a foreign proceeding when: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international

tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).  Applicant has satisfied these requirements.

First, YouTube, LLC ("YouTube"), resides or is found in this district.  Applicant declares YouTube maintains an office in San Bruno, California, which is in the Northern District of California.  (Dkt. No. 1-2 ¶ 15.)  *See In re Ex Parte Application of Qualcomm, Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (holding residency requirement satisfied when subpoena recipients maintained headquarters or offices within the district).

Second, the requested discovery will be used in a proceeding before a foreign tribunal. Applicant seeks the discovery to name the user as a defendant in a proposed civil case in Tokyo, Japan.  (Dkt. No. 1-2 ¶ 1.)  *See In re Bleach, Inc.*, No. 24-MC-80021-PCP, 2024 WL 1898450, at \*1-2 (N.D. Cal. Apr. 30, 2024) (allowing subpoena on X for personally identifiable information of anonymous X user whom applicant intended to name as defendant in lawsuit in Japan); *Intel Corp.*, 542 U.S. at 258-59 ("Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings," but the proceeding must be "within reasonable contemplation.").

Third, Applicant is an interested person.  Mr. Kinoshita is the plaintiff in the proposed foreign proceeding.  (Dkt. No. 1-2 ¶ 1.)  *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person.'").

So, Section 1782's statutory requirements are met here.

## II.    DISCRETIONARY FACTORS

After finding the applicant has satisfied the above statutory requirements, courts have discretion to deny Section 1782 applications.  *See Intel Corp.*, 542 U.S. at 264.  To make this determination, courts consider: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court-judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the

United States"; and (4) whether the requested discovery is "unduly intrusive or burdensome." *Id.* at 264-65.

### A.  Participation in Foreign Proceeding

"[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Id.* at 264; *see also In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, No. 16-MC-80193-DMR, 2016 WL 6804600, at *3 (N.D. Cal. Nov. 17, 2016) (finding factor weighed in favor of granting when proposed subpoenaed party was "not a party to the proceedings in China").  YouTube will not be a party to the incipient proceeding against the user in Japan.  (Dkt. No. 1-2 ¶ 16.)  So, this factor weighs in favor of granting the application.

### B.  Nature of Foreign Tribunal and Its Receptivity

As to the second factor, courts consider the "nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 264.  "Courts have held this factor weighs in favor of granting the application unless the foreign tribunal expressly says it does not want assistance from U.S. federal courts." *In the Matter of the Application of Canadian Imperial Bank of Commerce*, No. 24-MC-80070-JSC, 2024 WL 3226794, at *2 (N.D. Cal. June 27, 2024) (citations omitted); *see also In re S.T.*, No. 25-MC-80102-NW, 2025 WL 1533133, at *3 (N.D. Cal. May 29, 2025) ("Case law suggests that Japanese courts are generally receptive to discovery taken in the United States pursuant to section 1782." (citing *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976)).  Applicant believes the Japanese court "would be receptive" to the Court's assistance, (Dkt. No. 1-1 at 6), and is not "aware of any restrictions or policies under Japanese law that would limit the gathering of the evidence Applicant seeks."  (Dkt. No. 1-2 ¶ 17.)  So, in the absence of the Japanese courts' express statement they do not want assistance, this factor weighs in favor of granting the application.

//

//

4

United States District Court
Northern District of California

### C.  Attempt to Circumvent Foreign or U.S. Law

The third discretionary factor considers "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States."  *Intel Corp.*, 542 U.S. at 264-65.  "[A]bsence of evidence of attempted circumvention of the foreign tribunal's proof-gathering procedures weighs in favor of an application under § 1782."  *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1021 (N.D. Cal. 2023); *see also In re Takagi*, No. 23-MC-80124-JSC, 2023 WL 4551074, at *4 (N.D. Cal. July 13, 2023) (considering sufficient applicant's attestation she was not aware of any foreign law she was attempting to circumvent).  Applicant declares he must identify the user to name him or her as a defendant in the Japanese lawsuit.  And as stated above, Applicant is not "aware of any restrictions or policies under Japanese law that would limit the gathering of the evidence Applicant seeks."  (Dkt. No. 1-2 ¶ 17.)  Furthermore, as "there is nothing in the record to suggest the ultimate source of the statements is a U.S. citizen," the First Amendment does not weigh against granting this application.  *See Google LLC*, 690 F. Supp. 3d at 1021-22 (explaining U.S. anonymous speech protections did not weigh against granting § 1782 application when "nothing in the present record indicat[ed] the unidentified defendant in the underlying South Korean civil action is entitled to First Amendment protections").  In the absence of contrary evidence, this factor weighs in favor of granting the application.

### D.  Unduly Intrusive or Burdensome Requests

Finally, the request must not be "unduly intrusive or burdensome."  *Intel Corp.*, 542 U.S. at 265.  "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information, and appear to be a broad 'fishing expedition' for irrelevant information."  *Google LLC*, 690 F. Supp. 3d at 1023 (quotation marks and citation omitted).  Applicant requests information about one YouTube account.  (Dkt. No. 1-2 ¶ 14.)  This request is narrowly tailored to Applicant's purpose of identifying the defendant to bring a Japanese lawsuit because it seeks only an "access log on the date that the video clip . . . was posted," and the "[a]ccess log itself contains no substantial private information of the Subject Account holder" and "only discloses time stamps . . . and IP address."  (*Id.* ¶ 18.)  Applicant requests the access log

rather than the actual Google account linked to the YouTube account because Applicant believes it is "highly unlikely that the perpetrator use[d] their true name and address to register the Google Account." (*Id.* ¶ 8.) So, the requests are not unduly intrusive or burdensome. *See Google LLC*, 690 F. Supp. 3d at 1023 (finding subpoena requesting similar personal information to identify anonymous Gmail account user not unduly intrusive or burdensome); *In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021) (finding similar subpoena requests not unduly intrusive or burdensome); *In re HYBE Co., Ltd.*, No. 25-MC-80319-JSC, 2025 WL 3268406, at *3 (N.D. Cal. Nov. 24, 2025) (finding requests for information about two X accounts and one YouTube account not unduly intrusive or burdensome); *see also In re Starship Entertainment Co., Ltd.*, 2023 WL 3668531, at *4 (granting application and noting "[t]o the extent Google asserts that any of the information sought by Applicant is burdensome or confidential or proprietary, it can bring a motion to quash or the parties can enter a protective order").

So, the *Intel* discretionary factors also weigh in favor of granting the application.

## CONCLUSION

Because the statutory requirements are met, the *Intel* discretionary factors weigh in favor of granting, and YouTube has not opposed the application, the Court GRANTS Applicant's Section 1782 application. Applicant may serve the respective subpoena on YouTube. This order does not foreclose a motion to quash or modify the subpoena by YouTube following service, or by the owners or users whose information is being sought. *See CPC Patent Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 809 (9th Cir. 2022).

**IT IS SO ORDERED.**

Dated: March 17, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California